UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES GERMALIC,<br><br>                Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE OF IDAHO,<br>BEN YSURSA,<br><br>                Defendant. | Case No. 1:12-cv-00504-LMB<br><br>**INITIAL REVIEW ORDER** |

Pro se Plaintiff James Germalic filed a Complaint and Request for Injunctive Relief (Dkt. 1) on September 20, 2012. According to his Complaint, Germalic wants to run for President of the United States and be listed on the Idaho ballot in November 2012. (Id.). Germalic has not consented to the jurisdiction of a United States Magistrate Judge. Accordingly, for that reason, and for the reasons set forth below, the matter is reassigned to a United States District Judge along with a recommendation that Plaintiff's Complaint be dismissed with prejudice.

## REPORT

Liberally construed, Plaintiff attempts to allege that Secretary of State Ysursa violated Plaintiff's First and Fourteenth Amendment Rights by imposing obstacles in

INITIAL REVIEW ORDER - 1

Idaho that make it too onerous to be placed on the ballot as a candidate for President of the United States. See 42 U.S.C. 1983(providing plaintiffs a cause of action where the conduct of a person acting under the color of state law violates a right protected by the United States Constitution or created by federal statute). Specifically, Plaintiff characterizes Idaho's requirement that a presidential candidate be listed with a vice-presidential candidate too onerous.  The lion's-share of Plaintiff's Complaint, however, pertains to election laws of other states, rants against the media, and several verses of prayer.

Plaintiff's Complaint is approximately 60 pages long.  Along with the Complaint, Plaintiff has included several exhibits including newspaper clippings, published advertisements, and various receipts.  However, Plaintiff fails to sufficiently allege that Secretary of State Ysursa "deprived [Plaintiff of] a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (providing allegations required to state a claim under 42 U.S.C. § 1983); *Godfrey v. Ross*, Slip Op. 2011 WL 6012607 (E.D. Cal. 2011). Instead, Plaintiff argues that the "little guy" has no opportunity to participate as a candidate for President of the United States. Plaintiff provides a lengthy discussion that covers his religious, political, historical, and personal views.

**INITIAL REVIEW ORDER - 2**

It is worth noting that Plaintiff's issues have already been addressed at this level. Specifically, Plaintiff has raised the same or similar issues in at least fifteen other federal district courts.[1]

### A.  28 U.S.C. § 1915

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states frivolous or malicious claim, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

To state a claim to survive summary dismissal, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Factual allegations must give enough detail to provide "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff

---

[1] *See Germalic v. Gessler* (District of Colorado, Dismissed 10/30/12); *Germalic v. Bullock* (District of Delaware, Dismissed 11/27/12); *Germalic v. Detzner* (District of Florida, Dismissed 12/19/12); *Germalic v. Sec. of State of Illinois* (District of Illinois, Dismissed 10/31/12); *Germalic v. Grimes* (District of Kentucky, Pending); *Germalic v. Schedler* (District of Louisiana, Dismissed 11/20/12); *Germalic v. Secretary of State of North Carolina* (District of North Carolina, Pending); *Germalic v. Jaeger* (District of North Dakota, Pending); *Germalic v. NH Secretary of State* (District of New Hampshire, Dismissed 12/28/12); *Germalic v. Duran* (District of New Mexico, Dismissed 10/25/12); *Germalic v. Husted* (District of Ohio, Pending); *Germalic v. Secretary of State Jason Gant* (District of South Dakota, Dismissed 11/06/12); *Germalic v. Tennant* (District of West Virginia, Dismissed 10/25/12); *Germalic v. Wyoming Secretary of State* (District of Wyoming, Dismisssed 11/05/12); and *Germalic v. Aichele* (District of Pennsylvania, Dismissed 10/25/12)

**INITIAL REVIEW ORDER - 3**

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555–56).

Here, Plaintiff fails to sufficiently allege that Defendant "deprived [Plaintiff of] a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999) (providing allegations required to state a claim under 42 U.S.C. § 1983). Instead, Plaintiff argues that the "little guy" has no opportunity to participate as a candidate for President of the United States. Plaintiff uses most of his time to provide a lengthy discussion that covers his religious, political, historical, and personal views.

The United States Supreme Court has held that "[w]hen a State's ballot access laws pass constitutional muster as imposing only reasonable burdens on First and Fourteenth Amendment rights ... a prohibition on write-in voting will be presumptively valid...." *Burdick v. Takushi,* 504 U.S. 428, 441 (1992). In short, even with the most liberal construction, Plaintiff's extended discussion of his religious, historical, political, and personal views fails to state a plausible claim against the Secretary of State upon which relief may be granted. *See Twombly,* 550 U.S. at 555. Accordingly, it is recommended that Plaintiff's Complaint be dismissed with prejudice.

## ORDER

It is hereby ORDERED that this action is reassigned to United States District Judge Edward J. Lodge. The case will be renumbered as 1:12-cv-00504-EJL.

## RECOMMENDANTION

It is hereby RECOMMENDED that Plaintiff's Complaint (Dkt. 1) be DISMISSED with prejudice for failing to state a claim upon which relief can be granted.

DATED: January 4, 2013

/s/ Larry M. Boyle
Honorable Larry M. Boyle
U. S. Magistrate Judge

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1 or as a result that party may waive the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals.  The parties are advised that this is a report and recommendation and not a final, appealable order, and thus no appeal can be taken from this report and recommendation.