UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES GERMALIC,<br><br>                  Plaintiff,<br><br>   v.<br><br>SECRETARY OF STATE OF IDAHO, BEN YSURSA,<br><br>                  Defendant. | Case No. 1:12-CV-00504-EJL<br><br>**ORDER** |

      On January 4, 2013, United States Magistrate Judge Larry M. Boyle issued an Initial Review Order in this matter. (Dkt. 5.) Because Plaintiff had not consented to proceed before a magistrate judge, the Initial Review Order was drafted as a recommendation to the District Court. The Plaintiff was advised he had fourteen days to file any objections to the Initial Review Order. On January 16, 2013, Plaintiff filed a Motion for Abeyance (Dkt.6). The Court has reviewed the pleading and will deem the motion as an objection to the Initial Review Order. The matter is now ripe for the Court's consideration.

**ORDER - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Where the parties object to a dispositive order of a magistrate judge, this Court shall make a de novo determination of those portions of the report which objection is made. *Id*.

## FACTUAL BACKGROUND

Plaintiff James Germalic filed his action alleging Idaho's Secretary of State makes the requirements for having a name placed on the ballot for President of the United States too onerous and the restrictions are in violation of his constitutional rights to run for President.

## DISCUSSION

The Court reviews the Complaint pursuant to 28 U.S.C. § 1915. Because Plaintiff is appearing pro se, this court will liberally construe his pleadings. *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)). Even construing Plaintiff's Complaint liberally, the Court agrees with Judge Boyle that the over 60 page Complaint is primarily a lengthy discussion of Plaintiff's religious, political, historical and personal views. Pro se litigants

**ORDER - 2**

are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court finds the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a)(2). Nor does the Complaint set forth a claim that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Mere conclusory statements by Plaintiff are insufficient establish the elements for a constitutional challenge to Idaho's ballot requirements for candidates running for President. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, the Complaint must be dismissed with prejudice.

Plaintiff's motion for abeyance does not set forth good cause to hold this matter in abeyance to allow Plaintiff further time to respond. Plaintiff had the opportunity to respond to the Initial Review Order and such notice was set forth at the end of Judge Boyle's Order.

## ORDER

**IT IS ORDERED:**

1. The Initial Review Order of Judge Boyle (Dkt. 5) is incorporated by reference as this Court's own analysis of Plaintiff's Complaint.

2. Plaintiff's Motion for Abeyance (Dkt. 6) is DENIED.

3. Plaintiff's Complaint is DISMISSED WITH PREJUDICE IN ITS ENTIRETY based on a failure to comply with Fed. R. Civ. P. 8 and failure to state a plausible claim upon which relief can be granted. No motions for reconsideration will be entertained by the Court.

DATED: April 4, 2013

Honorable Edward J. Lodge
U. S. District Judge